1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STEVEN WAYNE BONILLA
CDCR #J-48500,

Plaintiff,

vs.

ROGER T. BENITEZ, et al.,

Defendants.

Case No.:  3:25-cv-00095-JO-AHG

**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1)**

Plaintiff Steve Wayne Bonilla, a prisoner at California Medical Facility in Vacaville, California, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Dkt. 1.

The Court dismisses this complaint because Bonilla has not paid the $405 filing fee required to initiate a civil lawsuit.  28 U.S.C. § 1914(a).  While the Court would typically grant prisoner-plaintiffs leave to file an *in forma pauperis* motion, he has abused that privilege so many times in the past that he is precluded from doing so now.  28 U.S.C. § 1915(g).  A prisoner with three "strikes," *i.e.,* prior civil cases or appeals dismissed as frivolous, malicious, or for failing to state a claim, cannot proceed IFP unless they make allegations of imminent danger.  *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). Bonilla is a serial litigant who makes no plausible allegations of imminent danger.  *See In*

1

*re Steven Bonilla*, 2012 WL 216401, at \*1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history which includes dismissal of 34 actions between June 1 and October 31, 2011 alone).[1]  The Court therefore precludes him from proceeding with this action without payment.

Even if Bonilla were eligible to proceed, his claims would still fail because he impermissibly seeks to vacate his state criminal judgment through the vehicle of a § 1983 lawsuit.  Because a habeas corpus action is the sole federal remedy for state prisoners wishing to challenge to the validity of a criminal conviction or sentence, a § 1983 suit cannot be used as "a collateral attack on [an individual's] conviction[.]"  *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (internal citation and quotation marks omitted).  The Court dismisses this complaint without leave to amend because additional allegations could not cure this legal deficiency.  *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (holding that dismissal without leave to amend is appropriate if "amendment would be futile").

Accordingly, the Court **DISMISSES** this complaint without leave to amend.  The Clerk of the Court is to CLOSE the case and accept no further documents for filing in this matter except a timely Notice of Appeal, which the Court **CERTIFIES** would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: January 29, 2025

_____
Honorable Jinsook Ohta
United States District Judge

---

[1] In fact, Bonilla has filed so many cases attacking the validity of his 1995 conviction, the San Francisco Chronicle has identified him as one of the "most prolific litigants in modern U.S. history."  *See* Rachel Swan, *'Method to his madness': This man may be California's most litigious person*, S.F. Chronicle, May 27, 2024, available at https://www.sfchronicle.com/crime/article/vexatious-litigant-death-row-19424807.php (last visited Jan. 27, 2025).